United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9    IN THE UNITED STATES DISTRICT COURT
10   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
12   DIRECTV, Inc.                                      No. 04-3454 SBA
13              Plaintiff,                              **ORDER**
14   v.
15   CODY OLIVER,
16              Defendant.
17   _____/
18
        On May 12, 2005, the Court granted Plaintiff's Motion for Default Judgment and for costs. In
19
   addition, the Court requested supplemental briefing on the issue of whether Plaintiff was entitled to
20
   attorneys' fees. On May 25, 2005, Plaintiff filed its supplemental brief. The Court hereby GRANTS IN
21
   PART and DENIES IN PART Plaintiff's request for attorneys' fees incurred in the instant action.
22
                                    **DISCUSSION**
23
        Plaintiff DIRECTV is entitled to reasonable attorneys' fees and costs incurred in prosecuting its
24
   claims for violation of 18 U.S.C. § 2520(a). 18 U.S.C. § 2520(b)(3); Fed. R. Civ. P. 54. DIRECTV
25
   requests $1,524.00 for attorneys' fees incurred in the instant action. (*See* Motion for Default Judgment
26
27
28

("Motion") at 20.)[1]  The party requesting fees "bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked." *Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994). "Attorneys fees" can also include paralegal fees. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 285 (1989).

Plaintiff has provided invoices for the amounts spent on the instant action. (Declaration of Sandeep Shah in Support of Motion at Exh. E.)  Plaintiff asserts that $669.00 was spent prior to preparation of the Motion for Default Judgment. (*Id.* at ¶ 10.)  The fees were incurred by Plaintiff's prior firm, Danner & Martyn ("Danner Firm"), and its present counsel, Buchalter, Nemer, Fields, & Younger ("Buchalter Firm"). (*Id.*)  Plaintiff seeks $158 for work done by the Danner Firm, and $511.00 for work done by the Buchalter Firm. (*Id.* at ¶ 11.)  In addition, Plaintiff asserts that the Buchalter Firm spent $855 in preparation of the Motion for Default Judgment.

In its May 12, 2005 Order, the Court found that the amount of fees incurred was reasonable. However, because Plaintiff failed to justify the billing rates for all but one of the individuals who worked on the instant action, the Court ordered Plaintiff to file supplemental briefing.

Plaintiff seeks fees incurred by four people from the Buchalter Firm who worked on the instant action: Keli Osaki, Kristine Collins, Marci Knighten, and Sandeep Shah. According to the Supplemental Declaration of Sandeep Shah, Keli Osaki ($300/hour), is an attorney for the Buchalter Firm who graduated from Pepperdine University School of Law in 1995. Since that time, Ms. Osaki has continuously been engaged in the practice of commercial and business litigation. Marci Knighten ($125/hour) is a paralegal for the Buchalter Firm who holds a certificate from the University of California, Los Angeles' Attorney Assistance Training Program. She has been practicing in the area of civil ligation since 1998. Kristine Collins ($135/hour) was formerly a paralegal with the Buchalter Firm. Ms. Collins has over ten years of paralegal experience in the area of litigation.[2]  Mr. Shah asserts that the rates charged by these individuals are commensurate with the rates charged for similar services by comparable firms. The Court finds that

---

[1] Plaintiff also requested $765.00 in fees it anticipated would be spent in connection with the hearing on its Motion for Default Judgment. In its May 12, 2005 Order, the Court denied this request because no hearing was held.

[2] In its May 12, 2005 Order, the Court found that Plaintiff had sufficiently justified the billing rate of Sandeep Shah, an attorney for the Buchalter Firm.

Plaintiff has sufficiently justified the billing rates for fees incurred by the Buchalter Firm.  However, Plaintiff has still failed to provide any justification for the billing rates used by the Danner Firm.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Plaintiff's request for attorneys' fees incurred in the instant action.  The Court awards Plaintiff $1,366.00 in attorneys' fees for work performed by the Buchalter Firm.  The Court DENIES Plaintiff's request for attorneys' fees incurred by the Danner Firm.

IT IS SO ORDERED.

Dated: 6-6-05

    /s/ Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge